UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KANG JIN,<br><br>    Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL,<br><br>    Defendant. | Case No. 4:18-cv-07091-KAW<br><br>**ORDER REGARDING CROSS-MOTIONS FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. Nos. 21, 22 |

Plaintiff Kang Jin seeks judicial review, pursuant to 42 U.S.C. § 405(g), of the Commissioner's final decision, and the remand of this case for payment of benefits, or, in the alternative, for further proceedings.

Pending before the Court is Plaintiff's motion for summary judgment and Defendant's cross-motion for summary judgment. Having considered the papers filed by the parties, and for the reasons set forth below, the Court GRANTS Plaintiff's motion for summary judgment, and DENIES Defendant's cross-motion for summary judgment.

## I. BACKGROUND

Plaintiff filed for supplemental disability benefits on May 25, 2015, alleging disability beginning on December 5, 2012. Administrative Record ("AR") 168. The Social Security Administration denied Plaintiff's application initially and on reconsideration. (AR 62, 69.) Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"), and the hearing was held on December 19, 2017. (AR 21, 84.)

Following the hearing, the ALJ denied Plaintiff's application on January 9, 2018. (AR 21-27.) A request for review of the ALJ's decision was filed with the Appeals Council on March 6, 2018. (AR 136.) The Appeals Council denied Plaintiff's request for review on September 24,

2018. (AR 1.) On November 21, 2018, Plaintiff commenced this action for judicial review pursuant to 42 U.S.C. § 405(g). (Compl., Dkt. No. 1.)

Plaintiff filed his motion for summary judgment on June 5, 2019. (Pl.'s Mot., Dkt. No. 21.) Defendant filed an opposition and cross-motion for summary judgment on July 2, 2019. (Def.'s Opp'n, Dkt. No. 22.) Plaintiff filed his reply on July 16, 2019. (Pl.'s Reply, Dkt. No. 23.)

## II. LEGAL STANDARD

A court may reverse the Commissioner's denial of disability benefits only when the Commissioner's findings are 1) based on legal error or 2) are not supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is "more than a mere scintilla but less than a preponderance"; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1098; *Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996). In determining whether the Commissioner's findings are supported by substantial evidence, the Court must consider the evidence as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Id.* "Where evidence is susceptible to more than one rational interpretation, the ALJ's decision should be upheld." *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008).

Under Social Security Administration ("SSA") regulations, disability claims are evaluated according to a five-step sequential evaluation. *Reddick v. Chater*, 157 F.3d 715, 721 (9th Cir. 1998). At step one, the Commissioner determines whether a claimant is currently engaged in substantial gainful activity. *Id.* If so, the claimant is not disabled. 20 C.F.R. § 404.1520(b). At step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments," as defined in 20 C.F.R. § 404.1520(c). *Reddick*, 157 F.3d 715 at 721. If the answer is no, the claimant is not disabled. *Id.* If the answer is yes, the Commissioner proceeds to step three, and determines whether the impairment meets or equals a listed impairment under 20 C.F.R. § 404, Subpart P, Appendix 1. 20 C.F.R. § 404.1520(d). If this requirement is met, the claimant is disabled. *Reddick*, 157 F.3d 715 at 721.

If a claimant does not have a condition which meets or equals a listed impairment, the

2

fourth step in the sequential evaluation process is to determine the claimant's residual functional capacity ("RFC") or what work, if any, the claimant is capable of performing on a sustained basis, despite the claimant's impairment or impairments. 20 C.F.R. § 404.1520(e). If the claimant can perform such work, he is not disabled. 20 C.F.R. § 404.1520(f). RFC is the application of a legal standard to the medical facts concerning the claimant's physical capacity. 20 C.F.R. § 404.1545(a). If the claimant meets the burden of establishing an inability to perform prior work, the Commissioner must show, at step five, that the claimant can perform other substantial gainful work that exists in the national economy. *Reddick*, 157 F.3d 715 at 721. The claimant bears the burden of proof at steps one through four. *Bustamante v. Massanari*, 262 F.3d 949, 953-954 (9th Cir. 2001). The burden shifts to the Commissioner at step five. *Id.* at 954.

### III. THE ALJ'S DECISION

The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since May 28, 2015, the application date. AR 23. At step two, the ALJ found that Plaintiff had the following impairments: diabetes mellitus, affective disorders, and anxiety disorders. *Id*. The ALJ, however, found that these impairments, or the combination thereof, were not severe, rendering Plaintiff not disabled under the Social Security Act. AR 23, 27.

### IV. DISCUSSION

In his motion for summary judgment, Plaintiff argues that the ALJ erred at Step Two by failing to find his impairments, or the combination thereof, severe. (Pl.'s Mot. at 6-7.) Specifically, while the ALJ acknowledged that Plaintiff has diabetes mellitus, affective disorders, and anxiety disorders, he found that the combination of these impairments was not severe. AR 23.

"[T]he step-two inquiry is a de minimis screening device to dispose of groundless claims." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (citing *Bowen v. Yuckert,* 482 U.S. 137, 153–54 (1987)). As a result, "[a]n impairment or combination of impairments may be found 'not severe *only if* the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work.'" *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005) (quoting *Smolen v. Chater,* 80 F.3d 1273, 1290 (9th Cir. 1996) (internal quotation marks omitted)) (emphasis in original).

3

If a finding of non-severity is not "clearly established by medical evidence," the ALJ must continue to step three. *See Tanner v. Colvin*, No. EDCV 14-01689 RNB, 2015 WL 1966993, at *1 (C.D. Cal. Apr. 30, 2015) (citing Social Security Ruling ("SSR") 85-28). Here, the ALJ explicitly states that he considered SSR 85-28 in finding that the combination of Plaintiff's impairments were not severe. AR 24. In doing so, however, he ignored the ruling, which states in pertinent part:

> A claim may be denied at step two **only** if the evidence shows that the individual's impairments, when considered in combination, are not medically severe, i.e., do not have more than a minimal effect on the person's physical or mental ability(ies) to perform basic work activities. If such a finding is not clearly established by medical evidence, however, adjudication must continue through the sequential evaluation process.

SSR 85-28 (emphasis added). In order to make the denial at step two, the ALJ assigned little weight to the medical opinions of every treating and examining physician, despite detailing their opinions pertaining to Plaintiff's limitations and then discounting them based on limited treatment records and concerns regarding Plaintiff's credibility. *See* AR 25-27. Then, the ALJ presumably assigned great weight to two nonexamining DDS consultants, who did not have the benefit of reviewing Plaintiff's most recent treatment records. AR 27. This weighing of the evidence, however, as well as the ALJ's findings regarding Plaintiff's credibility, would be more appropriate at step three of the sequential process. Indeed, all that is required at step two is a minimal showing of severity, one that is satisfied by two examining opinions regarding Plaintiff's physical limitations and two examining opinions pertaining to his mental limitations, which, in combination, demonstrate that Plaintiff experiences more than minimal work limitations sufficient to satisfy step two. *See* AR 266-74, 275-87, 288-91, 296-97.

In opposition, Defendant contends that the ALJ found that Plaintiff's diabetes was without complication and that Plaintiff's testimony where he complained of fatigue was contradicted by treatment notes. (Def.'s Opp'n at 4.) In reply, Plaintiff correctly argues that the ALJ pointed only to treatment notes in August 2015 in which Plaintiff denied fatigue.[1] (Pl.'s Reply at 3.)

---

[1] The Court notes that Defendant cited to identical pages of treatment notes (AR 234 and 340) with the implication that they were records from different visits. (*See* Def.'s Opp'n at 4.)

1 Regardless, an ALJ "may not disregard [a claimant's testimony] solely because it is not substantiated affirmatively by objective medical evidence." *Trevizo v. Berryhill*, 871 F.3d 664, 679 (9th Cir. 2017) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006) (internal quotations omitted)). Indeed, it is very possible that Plaintiff's condition may have deteriorated in the two intervening years. Nonetheless, as stated above, the showing required at step two is de minimis, and the administrative record supports a finding that, at the very least, the combination of Plaintiff's impairments are severe, such that the inquiry must proceed to step three.

In light of the foregoing, the Court finds that the ALJ erred in finding Plaintiff's impairments not severe at step two.

## V. CONCLUSION

For the reasons set forth above, the Court GRANTS Plaintiff's motion for summary judgment and DENIES Defendant's cross-motion for summary judgment, and remands the case for further proceedings at step two. On remand, the ALJ must properly evaluate the medical evidence based on applicable law and consistent with this opinion.

IT IS SO ORDERED.

Dated: March 2, 2020

KANDIS A. WESTMORE
United States Magistrate Judge